## 9442

### B. F. AVERY & SON v. BENNETT *ET AL.*

(89 S. E. 466.)

Pleading — Leave to Answer Late — Discretion of Lower Court— "Abuse of Discretion."—On application for leave to answer after the expiration of the time allowed by statute, the burden being on the defendant to show that there was an "abuse of discretion," which means manifest error in refusal of the motion by the Court, where defendant admitted execution of notes subject of suit, and a warning that plaintiff would regret it if suit was commenced, there was no abuse of discretion by the Court in not allowing defendants to answer late.

Before Rice, J., Bennettsville, April, 1915. Affirmed.

Action by B. F. Avery & Sons, a corporation, against J. H. Bennett and another, copartners in trade as Marlboro Plow Stock & Implement Company. From an order refus-

ing a motion to answer after the expiration of the time allowed by statute, the defendants appeal.

*Messrs. Stevenson, Stevenson & Prince* and *J. K. Owens,* for appellant.

*Mr. Owens* cites: Code Civ. Proc., sec. 225; 13 S. C. 160; 27 S. C. 368; 76 S. C. 179; 77 S. C. 226.

*Messrs. Gibson, Muller & Tison,* for respondent, cite: *As to plaintiff's right:* Code Civ. Proc.; sec. 303. *Discretion of Court:* 53 S. C. 224; 100 S. C. 421.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an application for leave to answer after the expiration of the time allowed by statute. The motion was refused, and from the order this appeal is taken.

There are three exceptions in the case, but the only one argued by appellants is the first, which is:

"It is respectfully submitted that the presiding Judge committed error in not allowing the defendants to answer, it being a matter within the discretion of the Court, and the showing made such that it was an abuse of discretion of the Court in not allowing the defendants to answer."

The burden is upon appellant to show that there is "an abuse of discretion," which means "manifest error." The showing made is that not only was there no abuse of discretion, but that it was exercised in wisdom. There was a showing of admission of the execution of the notes, many pleas for time to raise the money, and a warning that plaintiff would regret it if suit was commenced.

The judgment is affirmed.