## 17328

PAUL K. HINES, d/b/a Hines Bros. Construction Co., Appellant, v. HARRY B. FARR, County Superintendent of Education for Union County, S. C., ex officio Chairman of Union County Board of Education, and the Union County Board of Education, Respondents

(99 S. E. (2d) 49)

514

 

*Messrs. Mike S. Jolly* and *David N. Wilburn, Jr.,* of Union, *for Appellant.*

*L. H. Jennings, Jr., Esq.,* of Union, *for Respondents,*

July 17, 1957.

TAYLOR, Justice.

On March 22, 1957, the Circuit Court issued a rule to show cause, based on a verified petition, as to why respondents herein should not be required to submit to arbitration the differences between the parties according to the terms of an alleged contract which called for arbitration in case of dispute. No other relief was sought in the action.

Saturday, May 30, 1957, was set as the hearing date, and no return to the rule was required to be served prior to that date.

On the date set for the hearing, respondent's attorney was under National Guard orders to be at Fort Jackson for a weekend problem. He attempted unsuccessfully to get his adversary to agree to another date before or after May 30 for the hearing and thereupon wrote to Judge Littlejohn (copies to opposing counsel), who issued the rule, asking for a continuance, and in the alternative, setting forth the position of the respondents as to the rule in case the Court decided to proceed to hear the matter. The Judge apparently hesitated to rule upon the motion for a continuance in the absence of counsel.

On May 30, Judge Littlejohn, upon the insistence of counsel for appellant, heard the matter in the absence of counsel for the respondents and took it under advisement. Thereafter, he issued an order holding in effect that the issues were in dispute and the case should be referred, after answer, for the

purpose of taking testimony, and held it unnecessary to rule upon the motion for a continuance.

This appeal raises two kindred questions: 1. Was appellant entitled to the relief sought as a matter of law; and 2. Were the respondents in default?

Independent of the letters sent to the hearing Judge which were made a part of the record, we think that the petition itself, when read in connection with the. exhibits, warrants the conclusions that the alleged right to arbitration is factually in dispute, that respondents are entitled to answer, and the issues determined in the conventional fashion. In this case, the rule to show cause was actually only a substitute for a motion, whereby the moving party sought the ultimate relief asked for in the action without trying the case. Rules to show cause, under Circuit Court Rule 56, have, in this State, been used somewhat interchangeably with motions; and the hearing Judge was of the opinion that the case should not be tried on a rule to show cause, and we find no error therein.

Neither do we find error in the failure of the Court to declare respondents in default. Under the facts stated above it would indeed be a harsh application of the rule to do so. Except for the conclusions reached in the Court below, we are sure the Judge would have seriously considered the motion for a continuance. Further, the Court in its discretion may permit the filing of an answer after the appointed time, and we find no abuse thereof in instant case, *Board of Directors of Theological Seminary v. Lowrance,* 126 S. C. 89, 119 S. E. 383; *Pike v. Spartanburg Ry., Gas & Electric Co.,* 65 S. C. 409, 43 S. E. 869; *Regenstein v. Pearlstein,* 30 S. C. 192, 8 S. E. 850; *B. F. Avery & Son v. Bennett,* 104 S. C. 419, 89 S. E. 466.

The order appealed from is affirmed with respondent being permitted to file answer within twenty days after the filing of the remittitur herein.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.